UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRYSTAL BEAR, by and through her Guardian Ad Litem, Gary N. Bloom,<br><br>             Plaintiff,<br><br>    v.<br><br>FORD MOTOR COMPANY, a Delaware corporation; and MARLA BEAR, a single person,<br><br>             Defendants. | NO. CV-05-0253-EFS<br><br>**PROTECTIVE ORDER** |

On April 3, 2006, Defendant Ford Motor Company ("Ford") filed a Motion for Order Granting Stipulated Protective Order (Ct. Rec. 23-1) and a Stipulated Protective Order (Ct. Rec. 23-3). Based on Ford's need to protect trade secrets and confidential business information, the Court finds good cause exists to grant Ford's motion. Accordingly, the following protective order is **HEREBY ENTERED:**

    1.   The parties have a mutual interest in the orderly and prompt production of discovery, and each side has discussed with the other their respective concerns about the propriety of designating trade secret or confidential business information. Having weighed the issues related to having a court decide the propriety of a

ORDER-- *1*

confidential designation, the following compromise has been reached and is set forth below.

2. Documents to be produced by Ford in this litigation that contain confidential trade secret or proprietary business information shall hereafter be referred to as "Protected Documents." When used in this Order, the word "documents" means all written material, videotapes, and all other tangible items, whether produced as hard copy, computer diskette, CD-ROM, or otherwise. Except as otherwise indicated below, documents designated by Ford to any party to this litigation and/or the party's attorneys, consultants, agents, or experts in this litigation as Protected Documents shall be given confidential treatment as described below. Ford will visibly mark all Protected Documents "Subject to Protective Order" or "Confidential."

3. Ford has the burden of proving that a Protected Document contains trade secrets or other confidential business or technical information should a party or non-party seek to disclose the document or its contents outside the parameters of this Order. Prior to designating any material as a Protected Document "Subject to Protective Order" or "Confidential," Ford will make a bona fide determination that material is, in fact, a trade secret or other confidential business or technical information, the dissemination of which could damage Ford's competitive position. If any party to this litigation disagrees with the "Subject to Protective Order" or "Confidential" designation of any document, the party shall notify Ford in writing. Ford will timely apply to this Court to set a hearing for the purpose of establishing that said document contains trade secrets or is otherwise confidential or

ORDER-- *2*

proprietary.  Any document marked as "Subject to Protective Order" or "Confidential" will continue to be treated as a Protected Document pending termination by the Court as to its confidential or proprietary status.

    4.   Both the Protected Documents and the information contained therein shall be treated as confidential.  Except upon the prior written consent of Ford or upon order of this Court, the Protected Documents and the information contained therein may be shown, disseminated, or disclosed only to the following persons:

    (a)  Counsel of record for each party in this lawsuit, including other members of counsels' law firms and any other counsel of record associated to assist in the preparation or trial of this case;

    (b)  Employees of counsel of record who assist in the preparation of trial of this case;

    (c)  Experts and non-attorney consultants retained by the parties to this litigation for the preparation of trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford and provided that disclosure of Protected Documents to such experts and consultants will be in hard copy format only and will not be in any digitized or other computer readable format;

    (d)  Any party to this litigation;

    (e)  Any mediator(s) retained by the parties to assist with the potential settlement of this lawsuit; and

    (f)  Attorneys representing plaintiffs and experts and

ORDER-- *3*

consultants retained by plaintiffs in other cases pending against Ford involving allegations of defective stability and handling, rear seat lap-belt failure, inadequate warnings regarding seatbelt accessibility, inadequate roof support or strength, and/or improper side or rear window glazing in the 1984-1990 Bronco II, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford.  This paragraph 4(f) shall have no effect or any bearing on a determination of the proper scope of discovery in this case.

     5.   Before receiving access to any of the Protected Documents or the information contained therein, each person described above shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, in the form attached hereto as "Exhibit A," to  be bound by its terms and to submit to the jurisdiction of this Court.  Counsel for the parties will retain the signed "Exhibit A" forms and keep a list of all persons who have received Protected Documents for inspection by the Court and, on order of the Court, counsel for Ford.

     6.   If documents marked "Subject to Protective Order" or "Confidential" are to be disclosed to the Court and/or the Court's staff as attachments to any motion or declaration, or otherwise, such documents must be filed under seal.

     7.   To the extent the Protected Documents or information contained therein are used in the taking of depositions, such documents or information shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with the Protected Documents or information.  Any court reporter

ORDER-- *4*

or transcriber who reports or transcribes testimony in this action shall agree that all Protected Documents or information designated under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter under the terms of this Protective Order or delivered to counsel of record.

8.   This Protective Order shall not apply to the disclosure of Protected Documents or the information contained therein at the time of trial, through the receipt of Protected Documents into evidence or through the testimony of witnesses.  The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court.  These issues may be taken up as a separate matter upon the motion of any of the parties at the threshold of or during trial.

9.   Inadvertent or unintentional production of documents containing information that should have been marked "Subject to Protective Order" or "Confidential" shall not be deemed a waiver in whole or in part of Ford's claims of protection or confidentiality.

10.  No party, nor that party's counsel or experts or any other person retained by the party to assist in the preparation of this action shall under any circumstances sell or offer to sell, advertise, or publicize the contents of Protected Documents or the fact that the party has obtained confidential or proprietary information from Ford.

11. This Order may not be waived, modified, abandoned, or terminated, in whole or in part, except by an instrument in writing signed by the parties.  If any provision of this Order shall be held

ORDER-- *5*

invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

12. This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control and shall remain binding after the termination of this litigation.

13. Counsel shall be required to return the Protected Documents to Ford after the conclusion of this case.

14. The Court retains jurisdiction over the parties and recipients of the Protected Documents for the enforcement of the provisions of this Order following termination of this litigation.

**IT IS ORDERED**:

A. Ford's Motion for an Expedited Hearing **(Ct. Rec. 21)** is **GRANTED**.

B. Ford's Motion for Order Granting Stipulated Protective Order **(Ct. Rec. 23)** is **GRANTED.**

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and provide a copy to counsel.

**DATED** this_5th_ day of April, 2006.

                                      s/Edward F. Shea
                                      EDWARD F. SHEA
                        UNITED STATES DISTRICT JUDGE

Q:\Civil\2005\0253.protective.order.wpd

# PROTECTIVE ORDER
# EXHIBIT A

I, _____, have reviewed the Protective Order entered in *Enhanced Software Products, Inc. v. Oregon Central Credit Union*, (Case No. CV-05-161-EFS) pending in the United States District Court for the Eastern District of Washington before the Honorable Edward F. Shea, and understand the Protective Order. I agree to be bound by the Protective Order.

The materials and information afforded confidential treatment under this Protective Order shall be used by me in connection with the above-referenced litigation and for no other purpose and that I shall have no right to use such materials or information in any other litigation without prior approval of this Court or upon proper order of any court of competent jurisdiction. Further, I agree to keep such information confidential and realize that I may be held in contempt of court for failure to keep such information confidential.

I understand that any use of materials stamped "CONFIDENTIAL" or of information obtained by me from such materials, or from any copy, summary, or abstract thereof, or from any confidential testimony, in any manner may be in violation of the Court's Order. I hereby consent to the exercise of personal jurisdiction in the United States District Court for the Eastern District of Washington for purposes of enforcement of the Order.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this \_\_\_\_\_ day of _____, 2006.

_____
(Signature)

_____
(Print Name)

_____

_____
(Address)

ORDER-- 7