UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRYSTAL BEAR, by and through her Guardian Ad Litem, Gary N. Bloom,<br><br>                 Plaintiff,<br><br>        v.<br><br>FORD MOTOR COMPANY, a Delaware corporation; and MARLA BEAR, a single person,<br><br>           Defendants. | NO.  CV-05-0253-EFS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

A telephonic hearing was held in the above captioned matter on February 1, 2007.  Before the Court was Defendant Ford Motor Company's ("Ford") Motion for Partial Summary Judgment (Ct. Rec. 42).  Raymond Thomas and Richard Eymann appeared telephonically on behalf of Plaintiff Crystal Bear, Caryn Geraghty Jorgensen appeared telephonically on behalf of Defendant Ford, and Patrick McMahon appeared telephonically on behalf of Defendant Marla Bear Motteshard.  This Order memorializes and supplements the Court's oral ruling.

**BACKGROUND**

On October 17, 1999, Plaintiff was a rear seat passenger in a 1984 Ford Bronco II driven by her sister, Defendant Marla Bear (Ct. Rec. 45).

ORDER-- *1*

Plaintiff sustained serious physical injuries as a result of an accident that occurred when the subject vehicle left the roadway, rolling several times in a field and Plaintiff was ejected (Ct. Rec. 14). Pursuant to her First Amended Complaint for Damages, Plaintiff brings a product liability claim against Defendant Ford and claims negligence against Marla Bear Motteshard (Ct. Rec. 99).

Plaintiff's product liability claims against Ford include (1) manufacture of a product unreasonably dangerous as designed, and (2) failure to issue adequate warnings or instructions. With regard to her failure to warn claims, Plaintiff contends that warnings were inadequate both with regard to the overall safety and handling of the vehicle, and specifically with regard to alleged problems with the rear seat belts. Plaintiff's failure to warn claims encompass both allegations under Revised Code of Washington 7.72.030(1)(b), failure to provide adequate warnings at the time of manufacture, and 7.72.030(1)(c), failure to warn after the product was manufactured where the manufacturer later learned about a danger connected with the product.

Ford filed the instant motion for partial summary judgment prior to Plaintiff's filing of her First Amended Complaint. Portions of Ford's motion were disposed of by Order of the Court on January 22, 2007. Pursuant to that Order, Ford's motion was granted with respect to (1) negligence on the part of Ford, (2) consumer protection act claims, and (3) misrepresentation and outrage. The issue left unaddressed by the previous Order was Ford's request for summary judgment on Plaintiff's failure to warn claims. At oral argument, Plaintiff, through her attorney, conceded her failure to warn claims that were based on the

ORDER-- *2*

allegedly problematic seatbelts. However, Plaintiff intends to maintain her unreasonably dangerous design claim with respect to the seatbelts, which is not at issue in the instant motion. The Court accepted Plaintiff's concession, therefore, the remaining issue was Ford's request for summary judgment on Plaintiff's failure to warn regarding overall safety and handling.

## STANDARD OF REVIEW

Summary judgment will be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). When considering a motion for summary judgment, a court may not weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue for trial exists only if "the evidence is such that a reasonable jury could return a verdict" for the party opposing summary judgment. *Id.* at 248. In other words, issues of fact are not material and do not preclude summary judgment unless they "might affect the outcome of the suit under the governing law." *Id.* There is no genuine issue for trial if the evidence favoring the non-movant is "merely colorable" or "not significantly probative." *Id.* at 249.

If the party requesting summary judgment demonstrates the absence of a genuine material fact, the party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . .

ORDER-- *3*

must set forth specific facts showing that there is a genuine issue for trial" or judgment may be granted as a matter of law. *Anderson*, 477 U.S. at 248.    This requires the party opposing summary judgment to present or identify in the record evidence sufficient to establish the existence of any challenged element that is essential to that party's case and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).    Failure to contradict the moving party's facts with counter affidavits or other responsive materials may result in the entry of summary judgment if the party requesting summary judgment is otherwise entitled to judgment as a matter of law.    *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).

## ANALYSIS AND CONCLUSION

Ford argues that in order to succeed on her remaining failure to warn claim, Plaintiff has the burden of demonstrating both cause in fact and legal causation (Ct. Rec. 44 p. 8).    Specifically, Plaintiff must show both that the warnings would have been observed, and that the warnings would have prevented the injury complained of.    Ford highlights the testimony of Plaintiff's parents noting that they never obtained a copy of the owner's manual or received other Ford documentation relating to the vehicle.    Therefore, Defendant argues, even if Ford had provided additional warnings, those warnings would not have been heeded by Plaintiff's parents.

Plaintiff responds arguing that cause in fact is usually a question for the jury and can be ruled on as a matter of law only when the facts are undisputed (Ct. Rec. 55 p. 17).    Plaintiff argues that Steven Bear, Crystal's father, "reviewed all warnings posted inside the vehicle."

ORDER-- *4*

*Id.* at 18.    Plaintiff argues that if the warnings suggested by Plaintiff's expert were posted, Steven Bear would never have purchased the vehicle and the accident would not have happened.   In this way Plaintiff intends to demonstrate the necessary "but for" causation.

As noted above, on summary judgment, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.   The cases Ford relies on in support of its motion for summary judgment address a different stage of proceedings than the case at bar.    Ford relies on *Ayers v. Johnson & Johnson Baby Products Co.,* 117 Wash. 2d 747 (1991), to demonstrate the level of evidence required to prove that Plaintiff read available warnings.    However, in *Ayers*, the Washington State Supreme Court was reviewing the appeal of a case that had been decided on the merits at trial.    *Id.*   Ford relies on *Hiner v. Bridgestone/Firestone, Inc.,* 138 Wash. 2d 248 (1999), to show the importance of demonstrating that Plaintiff would have actually observed and followed the proposed warnings.    However, the Supreme Court in *Hiner* was reviewing an order granting judgment as a matter of law after the Plaintiff had presented her case-in-chief.   138 Wash. 2d at 253.    In order for Ford to succeed on its motion for summary judgment, Ford must show that with all justifiable inferences made in favor of Plaintiff, she has failed to establish one of the elements necessary for her case.

Plaintiff's primary argument with regard to causation is based on Steven Bear's declaration in which he says that had the proposed warnings existed, he would not have purchased the vehicle (Ct. Rec. 57 pp. 5-6).   While Ford is free to contest Mr. Bear's statement at trial, for the purpose of summary judgment, this Court must believe Mr. Bear's

ORDER-- 5

testimony.  Therefore, with regard to warnings about the safety and handling of the vehicle at the time of manufacture, Ford's motion for summary judgment is denied.

With regard to post-manufacture warnings, Ford has not articulated why Mr. Bear would not have received such warnings, or why such warnings would not have been heeded.  Plaintiff contends that post-manufacture warnings regarding the safety of Ford Bronco IIs could have been widely published and accessed by Steven Bear (Ct. Rec. 55 p. 19), presumably with the result that he would not have purchased the vehicle (here the Court is making an inference in favor of the non-moving party). Therefore, an issue of material fact remains regarding post-manufacture warnings about the safety and handling of the Ford Bronco II, and the Court denies Ford's motion for summary judgment with regard to that issue.

**ACCORDINGLY, IT IS ORDERED**: the remainder of Defendant Ford Motor Company's Motion for Partial Summary Judgment **(Ct. Rec. 42)** is **GRANTED IN PART** (with respect to both claims of failure to warn at the time of manufacture and post-manufacture regarding seatbelts) and **DENIED IN PART** (with respect to manufacture and post-manufacture warnings regarding the safety and handling of the vehicle).

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order and provide a copy to counsel.

**DATED** this  7th   day of February 2007.

                    S/ Edward F. Shea
                 _____
                      EDWARD F. SHEA
                 UNITED STATES DISTRICT JUDGE

Q:\Civil\2005\0253.MSJ1.wpd

ORDER-- *6*